45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CHRISTOFFERSON LOGLINERS, INC., Respondent.
 No. 93-70958.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided Dec. 22, 1994.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal is before us on the application of the National Labor Relations Board ("Board") to enforce its decision and order of September 24, 1993 against Christofferson Logliners, Inc. of Missoula, Montana. The administrative law judge ("ALJ") found that Christofferson violated sections 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(1) & 158(a)(3),[1] by failing to recall five employees from a seasonal layoff because of their support for the union. The Board affirmed the ALJ's decision. The Board's order must be enforced if the Board correctly applied the law and if its findings of fact are supported by substantial evidence in the record viewed as a whole. NLRB v. Nevis Indus., Inc., 647 F.2d 905, 908 (9th Cir.1981). The employer's motive for adverse actions against employees is one of fact to be resolved by the Board, and the Board may rely on both direct and circumstantial evidence in determining an employer's motivation. Lippincott Indus., Inc. v. NLRB, 661 F.2d 112, 116 (9th Cir.1981).
 
 
 3
 Christofferson urges this court to come to a different conclusion based upon the facts seen in the light most favorable to Christofferson. Christofferson argues that the employees were not recalled because of any discriminatory motive but rather because of unique economic conditions that caused the buyer of its logs, Champion International, to shut down in February of 1991. However, as a reviewing court, we " 'do[ ] not review the evidence as an original fact finding tribunal.' " Yanish v. Barber, 232 F.2d 939, 947 (9th Cir.1956) (quoting Campana Corp. v. Harrison, 114 F.2d 400, 405 (7th Cir.1940)). Even if we were to agree with Christofferson's view of the facts, we have no authority to substitute our view for that of the Board if substantial evidence supports its view. See Lippincott Indus., 661 F.2d at 116.
 
 
 4
 Christofferson's arguments that the Board went outside the record or ignored the record to determine motive are without merit. In essence, they are nothing more than an argument that the Board should have adopted Christofferson's view of the facts. The Board was entitled to make inferences based on the record before it, Lippincott Ind., 661 F.2d at 116, and there is nothing to indicate the Board did otherwise. Moreover, "the determination of motive is particularly within the purview of the NLRB." Id. The Board's findings as to motivation are conclusive if supported by substantial evidence on the record as a whole: a reviewing court "may [not] displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). There is substantial evidence in the record to show that the stated reasons for the discharges were false.
 
 
 5
 The Board's credibility resolutions are entitled to special deference and are not disturbed absent a showing by a clear preponderance of the evidence that they are incorrect. NLRB v. Champ Corp., 933 F.2d 688, 691 (9th Cir.1990), cert. denied, 112 S.Ct. 416 (1991). There is no such showing here.
 
 
 6
 The order of the Board is ENFORCED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sections 158(a)(1) and (3) provide, in relevant part, that it is an unfair labor practice for an employer to interfere in any manner with an employee's union activities; in particular, to discourage membership in any labor organization by discriminating with respect to continued employment